# In the United States Court of Federal Claims

No. 98-154C

(Filed March 26, 2004)

| | |
|---|---|
| CONNECTICUT YANKEE ATOMIC POWER COMPANY, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

## ORDER

This Order addresses Defendant's Motion to Compel Production of Documents from non-party Framatome ANP, Inc. ("Framatome"). Defendant's motion is opposed by Framatome and plaintiff and Framatome also moves to quash the subpoena served on it by the United States seeking the production of documents.

Defendant's subpoena seeks access to a broad swath of the records possessed by Framatome concerning work or services performed by Framatome for plaintiff in connection with spent nuclear fuel storage or transfer and in connection with decommissioning activity. Initial contact between counsel for defendant and counsel for Framatome indicated that the subpoena covered documents located in Lynchburg, Virginia and Marlborough, Connecticut as well as electronic files on a computer system in Charlotte, North Carolina. The discovery request was somewhat narrowed as described in a letter, dated December 5, 2003, from defendant's counsel to Framatome's chief counsel. Defendant states that it needs the documents described in the December 5th letter "so that we may determine whether the Yankees' contract and staffing cost damage claims are reasonable." Defendant seeks to ascertain if "there is anything missing from the materials that the Yankees produced to us."

Framatome's objections are that defendant's subpoena "is overly broad, unduly burdensome and subjects Framatome to undue burden and expense." Framatome asserts that its initial cooperation with defendant resulted in the realization that the

scope of documentation sought was excessive, was duplicative of discovery obtained from the Yankees, and producing this material would burden Framatome with cost and expense of gathering and reviewing a voluminous number of documents.

Upon reviewing the filings in this matter it is concluded that each side has some merit in their positions. As a portion of Framatome's billings to plaintiff and resulting payments to Framatome by plaintiff have been included as damages sought by plaintiff against the United States, it is reasonable for defendant to examine the documentary support for these items. However, as defendant's December 5th letter demonstrates, the scope of the discovery sought by subpoena is too broad. Moreover, as a non-party, RCFC 45(c)(2)(B) requires that protection against incurring significant inspection and copying expense shall be afforded to Framatome. *See United States v. Columbia Broadcasting Systems, Inc.*, 666 F.2d 364 (9th cir. 1982); *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001).

Accordingly, in this circumstance, it is **ORDERED** that:

(1) Defendant's motion to compel is **GRANTED** to the extent that Framatome shall promptly produce all records supporting its billings to plaintiff and receipt of payments from plaintiff, for work or services relating to spent nuclear fuel storage or transfer, including the contractual documents involved and staffing records identifying the persons who performed the work or services billed;

(2) Except to the extent **GRANTED** in (1), defendant's motion to compel is, otherwise DENIED, and Framatome's motion to quash is **GRANTED** to the extent of this partial denial of defendant's motion to compel and, otherwise, **DENIED**;

(3) Counsel shall confer to ascertain the cost to Framatome of the document production compelled by this order and then to reach agreement on the extent to which Framatome shall be reimbursed to protect it from incurring a "significant" expense;

(4) Should a reimbursement agreement not be reached pursuant to (3), counsel shall contact Ms. Linda Eddins at 202-219-9787 to arrange for a telephone conference call with the undersigned to discuss the matter.

/s James F. Merow
James F. Merow

Senior Judge