# In the United States Court of Federal Claims

No. 98-126C
(Filed March 30, 2004)

******************************
YANKEE ATOMIC ELECTRIC COMPANY,
Plaintiff,

v.

THE UNITED STATES,
Defendant.
******************************

**ORDER**[1/]

This Order addresses defendant's motion, filed January 28, 2004, to require plaintiff to identify those documents within plaintiff's exhibit list upon which it will rely at trial. Plaintiff opposes defendant's motion.

As plaintiff's exhibit list includes over 1,700 documents, defendant asserts that all cannot be intended for introduction in evidence at trial. The request is, essentially, for identification of the core documents plaintiff will actually use at trial.

Plaintiff construed defendant's motion as an attempt to truncate the pretrial process relating to exhibits and opposes it as such.

In reply, defendant noted that it intended to respond to each proffered exhibit pursuant to the pretrial procedure, but still requests that proposed exhibits be limited to those that will actually be used at trial.

Obviously, all concerned with this complex litigation do not wish to expend time and expense dealing with any proposed exhibits that are not now intended to be used at trial. Also, to the extent that counsel can agree on the documents to be introduced

[1/] This should also be deemed applicable in *Connecticut Yankee v. United States*, No. 98-154 C and *Maine Yankee v. United States*, No. 98-474 C.

# In the United States Court of Federal Claims

No. 98-126C
(Filed March 30, 2004)

*******************************
YANKEE ATOMIC *
ELECTRIC COMPANY, *
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
Defendant. *
*******************************

**ORDER**[1/]

This Order addresses defendant's motion, filed January 28, 2004, to require plaintiff to identify those documents within plaintiff's exhibit list upon which it will rely at trial. Plaintiff opposes defendant's motion.

As plaintiff's exhibit list includes over 1,700 documents, defendant asserts that all cannot be intended for introduction in evidence at trial. The request is, essentially, for identification of the core documents plaintiff will actually use at trial.

Plaintiff construed defendant's motion as an attempt to truncate the pretrial process relating to exhibits and opposes it as such.

In reply, defendant noted that it intended to respond to each proffered exhibit pursuant to the pretrial procedure, but still requests that proposed exhibits be limited to those that will actually be used at trial.

Obviously, all concerned with this complex litigation do not wish to expend time and expense dealing with any proposed exhibits that are not now intended to be used at trial. Also, to the extent that counsel can agree on the documents to be introduced

---

[1/] This should also be deemed applicable in *Connecticut Yankee v. United States*, No. 98-154 C and *Maine Yankee v. United States*, No. 98-474 C.

in evidence, this will save time and expense for all concerned. Prior to the scheduled pretrial conference counsel should confer with respect to exhibit issues and, as a part of the pretrial conference, provide opposing counsel and the court with an exhibit list which separately identifies those exhibits which are to be offered in evidence and those which may be offered if the need arises. To the extent possible at the pretrial conference the exhibits proposed by the parties as trial evidence will be admitted in evidence. Where testimony is required to resolve objections, admission decisions will await trial proceedings.

Accordingly, it is **ORDERED**:

(1) That as a part of pretrial conference preparation, counsel shall confer with respect to proposed exhibits so as to reach agreement, to the extent possible, on the documents to be introduced in evidence and to provide opposing counsel and the court with a separate identification of those listed exhibits which are to be offered in evidence and those which may be offered if the need arises;

(2) To the extent provided in (1), defendant's motion, filed January 28, 2004 is **GRANTED** and is, otherwise, **DENIED**.

/s James F. Merow
James F. Merow
Senior Judge

in evidence, this will save time and expense for all concerned. Prior to the scheduled pretrial conference counsel should confer with respect to exhibit issues and, as a part of the pretrial conference, provide opposing counsel and the court with an exhibit list which separately identifies those exhibits which are to be offered in evidence and those which may be offered if the need arises. To the extent possible at the pretrial conference the exhibits proposed by the parties as trial evidence will be admitted in evidence. Where testimony is required to resolve objections, admission decisions will await trial proceedings.

Accordingly, it is **ORDERED**:

(1) That as a part of pretrial conference preparation, counsel shall confer with respect to proposed exhibits so as to reach agreement, to the extent possible, on the documents to be introduced in evidence and to provide opposing counsel and the court with a separate identification of those listed exhibits which are to be offered in evidence and those which may be offered if the need arises;

(2) To the extent provided in (1), defendant's motion, filed January 28, 2004 is **GRANTED** and is, otherwise, **DENIED**.

/s James F. Merow
James F. Merow
Senior Judge