TABLE OF CONTENTS

PAGE

SUMMARY OF ARGUMENT . . . . . . . . . . 1

DISCUSSION . . . . . . . . . . 5

I. THE YANKEES BEAR THE BURDEN OF PROVING EVERY ELEMENT OF THEIR DAMAGES CLAIMS, INCLUDING LIABILITY, CAUSATION, AND RESULTANT DAMAGE . . . . . . . . . . 5

A. The Yankees Bear The Burden Of Proving All Elements Of Their Damages, Including The Fact Of Damage, By Preponderant Evidence . . . . . . . . . . 5

B. The Yankees Cannot Establish Causation Or Resultant Damage Through Speculation . . . . . . . . . . 5

II. THE YANKEES FAILED TO PROVE THEIR BASIC ASSUMPTION THAT DOE WAS OBLIGATED TO ACCEPT SNF AT AN ANNUAL RATE OF 3,000 MTUs OR THE SPECIFIC "RAMP-UP" RATE FOR THE FIRST FIVE YEARS OF SNF ACCEPTANCE UPON WHICH THE YANKEES' DAMAGES CLAIMS RELY . . . . . . . . . . 7

A. The Yankees Have Failed To Establish That DOE Was Obligated To Accept SNF At A Rate Sufficient To Preclude Additional At-Reactor Storage And To Accept Some "Backlog" Of Utility-Stored SNF . . . . . . . 7

B. The Yankees Have Failed To Establish That An Annual Acceptance Rate Of 3,000 MTU Is Necessary To Satisfy The Requirements To Which The Yankees Contend DOE Obligated Itself Or That DOE Ever Obligated Itself To Satisfy A 3,000 Rate . . . . . . . . . . 11

C. The Yankees Have Failed To Establish That The Standard Contract Required DOE To Adopt The Specific "Ramp-Up" Rate Upon Which The Yankees Rely . . . . . . . . . . 15

D. To The Extent That The Court Finds It Necessary To Define A Rate Of SNF Acceptance For The Standard Contract, Nothing In The Standard Contract Precluded DOE From Performing At A Minimal Rate . . . . 16

TABLE OF CONTENTS(cont'd)

PAGE

1. At Most, The Acceptance Schedule To Which DOE Could Be Held To Perform Could Not Exceed The Rates Contained In The DCSs That It Approved . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

2. Because Of The Manner In Which The Contract's Schedule Provisions Grant DOE The Discretion To Define The Schedule, Any Damages Award Should Be Based Upon The Minimum Schedule That DOE Could Have Selected . . . . . . . . . . . . . . . . . . . 19

III. THE YANKEES HAVE FAILED TO ESTABLISH WITH ANY CREDIBLE EVIDENCE THAT, THROUGH EXCHANGES OF APPROVED DELIVERY COMMITMENT SCHEDULES, DOE WOULD HAVE BEEN OBLIGATED TO ACCEPT ALL OF THEIR SNF BY 1999, 2001, AND 2002, RESPECTIVELY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

A. The Yankees' Causation Analysis Is Dependent Upon Mr. Graves' Hypothetical Exchanges Model . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

B. As A Matter Of Law, A Hypothetical Model Must Have Adequate Factual Evidentiary Support . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

C. Instead Of Evidentiary Support, Mr. Graves' Model Is Founded Upon An Unrealistic Economic Theory Of A Perfectly Competitive Exchanges Market . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

1. To Reach The 1999, 2001, And 2002 Fuel-Out Dates That They Desire, The Yankees Require A Perfectly Competitive Exchanges Marketplace . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

2. Courts Have Not Supported The Theory That, In The Real World, Marketplaces Are Perfectly Competitive . . . . . . . . . . . . . 29

3. The Analyses That Mr. Graves Decided To Ignore, And The Yankees' Own Past Analyses, Conflict With The "Perfect Competition" Fuel-Out Dates Upon Which The Yankee Now Rely . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

TABLE OF CONTENTS(cont'd)

PAGE


4. The Requirement That Contract Holders Obtain DOE's Discretionary Approval Of Any Exchange Request Belies A Perfect Market . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

5. Contrary To The Assumptions Of The Perfect Market, There Would Be A Limited Number Of Participants In The Actual Exchanges Market, And Those Participants Would Act Strategically . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

6. Non-Economic Factors Would Play A Significant Role In Any Exchanges Market, Contrary To Mr. Graves' Assumptions . . . . 37

7. An Exchanges Market Would Have High Transaction And Information Costs, Contrary To Mr. Graves' Market . . . . . . . . . 39

8. Contrary To The Perfect Competitive Market, The Exchanges Market Would Lack Perfect Information . . . . . . . . . . . . . . . . . . . 40

D. An Analysis Of Analogous Markets Belies Mr. Graves' Model . . . . . . . 40

1. Analogous Markets Are Imperfect . . . . . . . . . . . . . . . . . . . . . . . 40

2. Analogous Markets Took Time To Develop And Maximize Participation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

E. Additional Evidence Adduced At Trial Belies Mr. Graves' Theoretical Market . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

1. Mr. Graves' Model Assumes Contractual Obligations That Do Not Exist . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

2. The Yankees' Exchanges Theory Is Litigation-Inspired . . . . . . . 46

3. The Model Is Improperly Retrospective And Assumes Definitive Knowledge Within The Industry That Would Not Have Existed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

4. Mr. Graves Failed To Identify Any Utilities That Would Have Traded With The Yankees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

TABLE OF CONTENTS(cont'd)

PAGE


5. Mr. Graves' Model Does Not Account For Risk . . . . . . . . . . . . . 52

6. Additional Incorrect Assumptions Render The Model Even More Speculative . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

IV. THE YANKEES' ALTERNATIVE CLAIM THAT THEY WOULD HAVE HAD EARLY FUEL-OUT DATES BECAUSE DOE WOULD HAVE GRANTED THEM PRIORITY AS SHUTDOWN REACTORS IS UNSUPPORTED BY ANY EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

V. WITHOUT MR. GRAVES' EXCHANGES MODEL OR DOE'S GRANT OF PRIORITY, THE YANKEES HAVE NOT ESTABLISHED CAUSATION FOR THEIR CLAIMED DAMAGES . . . . . . . . . . . . . . . . . . . . . 58

A. Without The Fuel-Out Dates That Mr. Graves' Model Generated, The Yankees Have Failed To Establish That Their Annual SNF Storage Costs Were Caused By DOE'S Breach . . . . . . . . . . . . . . . . . . . . . . . . . 58

B. Without The Fuel-Out Dates That Mr. Graves' Model Generated, The Yankees Have Failed To Establish That They Would Not Have Built Dry Storage Regardless Of DOE's Delay . . . . . . . . . . . . . . . . . . . . . . . . 58

VI. EVEN IF THE COURT ACCEPTS MR. GRAVES' FUEL-OUT DATES, MANY OF THE YANKEES' DAMAGES ARE NOT RECOVERABLE . . . . . 64

A. Assuming That The Court Accepts All Of The Premises Underlying The Yankees' Damages Claims, The Yankees Still Have Failed To Prove That A Significant Portion Of Their Alleged Damages Were Incremental To The Breach, Are Adequately Supported, Are Reasonably Certain, And Are Reasonable In Amount . . . . . . . . . . . . . . . 64

B. The Yankees' Claims For "Past Damages" That Pre-Date DOE's Breach Are Not Recoverable As A Matter Of Law . . . . . . . . . . . . . . . . . 66

C. The Yankees Should Not Be Permitted To Recover Future Damages In This Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

TABLE OF CONTENTS(cont'd)

PAGE

D. The Fact That The Yankees Possess GTCC Waste And Failed Fuel, Which They Are Responsible For Storing Indefinitely, Precludes A Finding That No Continuing Storage Costs Or Dry Storage Construction Costs Would Have Been Incurred Absent DOE's Delay . . 73

1. As Long As The Yankees Must Store GTCC Waste And Failed Fuel, They Will Have To Incur Continuing Storage Costs . . . . . 74

2. The Yankees Have Not Established That GTCC Waste Is Covered By The Standard Contract . . . . . . . . . . . . . . . . . . . . . . 74

3. The Yankees Have Historically Understood That GTCC Waste Is Not Covered By The NWPA Or The Standard Contract . . . . 78

4. The Yankees Have No Legal Basis For Asserting That DOE "Would Have" Accepted GTCC Concurrently With The Plaintiffs' SNF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

4. The Yankees Are Responsible For The Indefinite Storage Of Their Failed Fuel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

VII. TO THE EXTENT THAT THE YANKEES HAVE ESTABLISHED THAT ALL OF THEIR DAMAGES WERE CAUSED BY DOE'S PARTIAL BREACH, THE DISPROPORTION BETWEEN THE YANKEES' FEE PAYMENTS AND THE IDENTIFIED DAMAGES WARRANTS A REDUCTION IN THE GOVERNMENT'S LIABILITY . . . . . . . . . . . . . . . . . . 84

VIII. THE YANKEES HAVE IDENTIFIED NO BASIS UPON WHICH THEY CAN RECOVER FOR A TAKING OF THEIR REAL PROPERTY . . . . . . . . . 86

A. The Yankees Have Not Identified Any Basis For A Taking Of Their Real Property Because Any Rights To Require DOE To Accept Their SNF And/Or HLW Were Created Through The Standard Contract . . . . 86

B. To The Extent That The Yankees Believe That DOE's Non-Acceptance Of The Yankees' GTCC Waste Creates A Taking, The Yankees Have Identified No Property Right To Removal Of Their GTCC Waste . . . . 88

TABLE OF CONTENTS(cont'd)

PAGE

C. Assuming That The Yankees Have Established A Taking Of Their Real Property, They Failed To Establish The Fair Value Of That Property . . . . . 90

IX. THE YANKEES FAILED TO INTRODUCE ANY EVIDENCE THAT DOE ACTED WITH A SPECIFIC INTENT TO HARM THEM, PRECLUDING THEIR CLAIMS FOR BREACH OF A DUTY OF GOOD FAITH AND FAIR DEALING . . . . . 91

X. TO THE EXTENT THAT THE COURT AWARDS CONNECTICUT YANKEE OR MAINE YANKEE ANY DAMAGES, THE GOVERNMENT SHOULD BE ALLOWED TO RECOVER THE ONE-TIME FEES THAT THEY HAVE NOT YET PAID . . . . . 93

CONCLUSION . . . . . 98

# TABLE OF AUTHORITIES

CASES PAGE(S)

A.A. Poultry Farms, Inc. v. Rose Acre Farms, Inc.,
881 F.2d 1396 (7th Cir. 1989) . . . . . 29

Alaska Pulp Corp. v. United States,
59 Fed. Cl. 400 (2004) . . . . . 5, 60

Allegre Villa v. United States,
60 Fed. Cl. 11 (2004) . . . . . 88

Allstate Finance Corp. v. Utility Trailer of Ill., Inc.,
936 F. Supp. 525 (N.D. Ill. 1996) . . . . . 92

Am-Pro Protective Agency, Inc. v. United States,
281 F.3d 1234 (Fed. Cir. 2002) . . . . . 93

American Society of Composers, Authors and Publishers v. Showtime/The Movie Channel, Inc.,
912 F.2d 563 (2nd Cir. 1990) . . . . . 41

Amusement & Music Operators Association v. Copyright Royalty Tribunal,
676 F.2d 1144 (7th Cir.), cert. denied, 459 U.S. 907 (1982) . . . . . 41

Asco-Falcon II Shipping Co. v. United States,
32 Fed. Cl. 595 (1994) . . . . . 92

Bass Enterprises Production Co. v. United States,
133 F.3d 893 (Fed. Cir. 1998) . . . . . 91

Big Horn Coal Co. v. Commonwealth Edison Co.,
852 F.2d 1259 (10th Cir. 1988) . . . . . 33

Bluebonnet Savings Bank, F.S.B. v. United States,
339 F.3d 1341 (Fed. Cir. 2003) . . . . . 94, 96, 98

Branch v. United States,
69 F.3d 1571 (Fed. Cir. 1995) . . . . . 87, 90

Branhill Realty Co. v. Montgomery Ward & Co.,
60 F.2d 922 (2d Cir. 1932) . . . . . 15, 21

Brinson v. Linda Rose Joint Venture,
53 F.3d 1044 (9th Cir. 1995) . . . . . 32

Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.,
509 U.S. 209 (1993) . . . . . 27

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

C.B.C. Enterprises, Inc. v. United States,
24 Cl. Ct. 1, 5 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92

Caldwell & Santmyer, Inc. v. Glickman,
55 F.3d 1578 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94

Callahan v. A.E.V., Inc.,
182 F.3d 237 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Castle v. United States,
48 Fed. Cl. 187 (2000), aff'd in part, rev'd in part, 301 F.3d 1328 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 87

Cecile Industries, Inc. v. Cheney,
995 F.2d 1052 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97, 98

Central Hudson Gas & Electric Corp. v. Public Service Commission of N.Y.,
447 U.S. 557 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Chain Belt Co. v. United States,
127 Ct. C 115 F. Supp. 701 (1953) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,
467 U.S. 837 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

Cienega Gardens v. United States,
331 F.3d 1319 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

Cities Service Helix, Inc. v. United States,
211 Ct. C 543 F.2d 1306 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

City of Fairfax, Va. v. Washington Metropolitan Area Transit Authority,
582 F.2d 1321 (4th Cir. 1978), cert. denied, 440 U.S. 914 (1979) . . . . . . . . . . . . . . . . 68

Columbia First Bank, FSB v. United States,
60 Fed. Cl. 97 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Commercial Metals Co. v. United States,
176 Ct. Cl. 343, 349 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Commonwealth Edison Co. v. United States,
56 Fed. Cl. 652 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Concord Boat Corp. v. Brunswick Corp.,
207 F.3d 1039 (8th Cir. 2000) . . . . . . . . . . 27

County of Suffolk, N.Y. v. United States,
26 Cl. Ct. 924, 926 n.2 (1992) . . . . . . . . . . 43

Dolphin Tours, Inc. v. Pacifico Creative Service, Inc.,
773 F.2d 1506 (9th Cir. 1985) . . . . . . . . . . 25

Dunkin Donuts of America, Inc. v. Minerva, Inc.,
956 F.2d 1566 (11th Cir. 1992) . . . . . . . . . . 69

Elkind v. Liggett & Meyers, Inc.,
635 F.2d 156 (2d. Cir.1980) . . . . . . . . . . 27

FDIC v. United States,
342 F.3d 1313 (Fed. Cir. 2003) . . . . . . . . . . 87

Federal Trade Commission v. Elder's Grain, Inc.,
868 F.2d 901 (7th Cir. 1989) . . . . . . . . . . 29, 30, 36

Fern v. United States,
908 F.2d 955 (Fed. Cir. 1990) . . . . . . . . . . 90

Fifth Third Bank v. United States,
55 Fed. Cl. 223 (2003) . . . . . . . . . . 26

First Federal Savings & Loan Associate v. United States,
58 Fed. Cl. 139 (2003) . . . . . . . . . . 97

Franconia Associates,
536 U.S. at 143 . . . . . . . . . . 69

Gadsden v. United States,
78 F. Supp. 126 (Ct. Cl. 1948) . . . . . . . . . . 93

Glaxo Operations UK Ltd. v. Quigg,
894 F.2d 392 (Fed. Cir. 1990) . . . . . . . . . . 79

Glendale Federal Bank, FSB v. United States,
43 Fed. Cl. 390 (1999), aff'd in relevant part, vacated in part, 239 F.3d
1374 (Fed. Cir. 2001) . . . . . . . . . . 26

Glendale Federal Bank v. United States,
239 F.3d 1374 (Fed. Cir. 2001) . . . . . . . . . . 5

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Gould, Inc. v. United States,
935 F.2d 1271 (Fed. Cir. 1991) . . . . . 18

Green v. General Services Admin.,
220 F.3d 1313 (Fed. Cir. 2000) . . . . . 55

Hansen Bancorp, Inc. v. United States,
367 F.3d 1267 (Fed. Cir. 2004) . . . . . 85

Heagy v. United States,
12 Cl. Ct. 694 (1987), aff'd, 848 F.2d 1244 (Fed. Cir. 1988) . . . . . 92

Heydt v. United States,
38 Fed. Cl. 286 (1997), appeal dismissed, 194 F.3d 1329 (Fed. Cir. 1999) . . . . . 91

Hi-Shear Tech. Corp. v. United States,
356 F.3d 1372 (Fed. Cir. 2004) . . . . . 33

Home Savings of America v. United States,
57 Fed. Cl. 694 (2003) . . . . . 25

Honorable v. Easy Life Real Estate System,
100 F. Supp. 2d 885 (N.D. Ill. 2000) . . . . . 30, 31

Hubbard v. Merit Systems Prot. Board,
205 F.3d 1315 (Fed. Cir. 2000) . . . . . 55

Huston v. United States,
956 F.2d 259 (Fed. Cir. 1992) . . . . . 55

Illinois Brick Co. v. Illinois,
431 U.S. 720 (1977) . . . . . 30

Image Tech. Services, Inc. v. Eastman Kodak Co.,
903 F.2d 612 (9th Cir. 1990) . . . . . 31

In the Matter of Community Medical Ctr.,
623 F.2d 864 (3d Cir. 1980)) . . . . . 21

Indiana Michigan Power Co. v. Department of Energy,
88 F.3d 1272 (D.C. Cir. 1996) . . . . . 12

Indiana Michigan Power Co. v. United States,
60 Fed. Cl. 639 (2004), appeal pending, No. 04-5122 (Fed. Cir.) . . . . . 73

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Julius Goldman's Egg City v. United States,
697 F.2d 1051 (Fed. Cir. 1983), cert. denied, 464 U.S. 814 (1983) . . . . . . . . . . . . 10, 56

Kidder, Peabody & Co. v. IAG International Acceptance Group N.V., ,
28 F. Supp. 2d 126 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 52

Koby v. United States,
53 Fed. Cl. 493 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

Kucharczyk v. Regents of University of Calif.,
946 F. Supp. 1419 (N.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92

LaSalle Talman Bank v. United States,
317 F.3d 1363 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

LaVan v. United States,
382 F.3d 1340 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87

Liberty Bank v. Talman Home Mortgage Corp.,
877 F.2d 400 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Librach v. United States,
147 Ct. (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

Lovink v. Guilford Mills, Inc.,
878 F.2d 584 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67

Lucente v. International Bus. Machines Corp.,
310 F.3d 243 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67, 68

Madden v. United States,
178 Ct. C 371 F.2d 469 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 96, 97

Maine Yankee Atomic Power Co. v. United States,
225 F.3d 1336 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

Marketing & Management Information, Inc. v. United States,
62 Fed. Cl. 126 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33, 34, 57

Matsushita Electric Industrial Co. v. Zenith Radio Corp.,
475 U.S. 574 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Members of the Peanut Quota Holders Association, Inc. v. United States,
60 Fed. Cl. 524 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 90

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Middleton v. United States,
175 Ct. Cl. 786, 792 (1966) . . . . . 70

Myerle v. United States,
33 Ct. Cl. 1 (1897) . . . . . 6, 60

National By-Products, Inc. v. United States,
186 Ct. C 405 F.2d 1256 (1969) . . . . . 14

National Education Association-R.I. v. Retirement Board,
172 F.3d 22 (1st Cir. 1999) . . . . . 89

Northern Helex Co. v. United States,
207 Ct. C 524 F.2d 707 (1975) . . . . . 6

Oiness v. Walgreen Co.,
88 F.3d 1025 (Fed. Cir. 1996), cert. denied, 519 U.S. 1112 (1997) . . . . . 26

Omni Corp. v. United States,
41 Fed. Cl. 585 (1998) . . . . . 10, 56

Pettro v. United States,
47 Fed. Cl. 136 (2000) . . . . . 91

Pinewood Realty Ltd. P'ship,
223 Ct. C 617 F.2d at 215 ("[i]f the injured party ignores the breach, and continues to perform, it has . . . only retained its claim for damages for partial breach") . . . . . 69

Pittman v. Chicago Board of Education,
64 F.3d 1098 (7th Cir. 1995), cert. denied, 517 U.S. 1243 (1996) . . . . . 90

Project Map, Inc. v. United States,
203 Ct. C 486 F.2d 1375 (1973) . . . . . 97

Quick v. American Steel & Pump Corp.,
397 F.2d 561 (2d Cir. 1968) . . . . . 73

Quiman, S.A. de C.V. v. United States,
39 Fed. Cl. 171 (1997), aff'd, 178 F.3d 1313 (Fed. Cir. 1999) . . . . . 6, 51, 66

REW Enterprises, Inc. v. Premier Bank, N.A.,
49 F.3d 163 (5th Cir. 1995) . . . . . 97

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Reliance Cooperative Corp.v. Treat,
195 F.2d 977 (8th Cir. 1952) . . . . . . . . . . 70

Reservation Ranch v. United States,
39 Fed. Cl. 696 (1997), aff'd, 217 F.3d 850 (Fed. Cir. 1999) . . . . . . . . . . 23, 57

Reynolds v. United States,
141 Ct. C 158 F. Supp. 719 (1958) . . . . . . . . . . 67

Roseburg Lumber Co. v. Madigan,
978 F.2d 660 (Fed. Cir. 1992) . . . . . . . . . . 5, 65

S&R Corp. v. Jiffy Lube International, Inc.,
968 F.2d 371 (3d Cir. 1992) . . . . . . . . . . 67

San Carlos Irrigation & Drainage District v. United States,
111 F.3d 1557 (Fed. Cir. 1997) . . . . . . . . . . 5, 33, 64, 65

Sanders v. United States Postal Service,
801 F.2d 1328 (Fed. Cir. 1986) . . . . . . . . . . 94

Shockley v. Arcan, Inc.,
248 F.3d 1349 (Fed. Cir. 2001) . . . . . . . . . . 25, 26

Sinclair Oil Corp. v. United States,
291 F.3d 822 (Fed. Cir. 2002) . . . . . . . . . . 97, 98

Southern National Corp. v. United States,
57 Fed. Cl. 294 (2003) . . . . . . . . . . 26

Southern Pacific Communications Co. v. AT&T,
556 F. Supp. 2d 825 (D.D.C. 1982), aff'd, 740 F.2d 1011 (D.C. Cir. 1984) . . . . . . . . . 25

Southern Pacific Communications Co. v. American Telephone & Telegraph Co.,
556 F. Supp. 825 (D.D.C. 1982) . . . . . . . . . . 47, 49

Standard Havens Products, Inc. v. Gencor Industrial, Inc.,
953 F.2d 1360 (Fed. Cir. 1992) . . . . . . . . . . 6

State of Alaska v. United States,
35 Fed. Cl. 685 (1996), aff'd, 119 F.3d 16 (Fed. Cir. 1997), cert. denied . . . . . . . . . . 92

Struck Construction Co. v. United States,
96 Ct. Cl. 186, 222 (Ct. Cl. 1942) . . . . . . . . . . 93

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Suess v. United States,
52 Fed. Cl. 221 (2002) . . . . . . . . . . 27

Sun Oil Co. v. United States,
215 Ct. C 572 F.2d 786 (1978) . . . . . . . . . . 85, 87

Tennessee Valley Authority v. United States,
60 Fed. Cl. 665 (2004) . . . . . . . . . . 73

Testan v. United States,
424 U.S. 392 (1976) . . . . . . . . . . 80

Torncello v. United States,
681 F.2d 756 (Ct. Cl. 1982) . . . . . . . . . . 94

United States v. E.I Du Pont & De Nemours & Co.,
118 F. Supp. 41 (D. Del. 1951) . . . . . . . . . . 31

United States v. Munsey Trust Co.,
332 U.S. 234 (1947) . . . . . . . . . . 96, 97, 98

United States v. Ohio Edison Co.,
276 F. Supp. 2d 829 (S.D. Ohio 2003) . . . . . . . . . . 46

United States v. Realty Multi-List, Inc.,
629 F.2d 1351 (5th Cir. 1980) . . . . . . . . . . 31

Vari-Build, Inc. v. City of Reno,
622 F. Supp. 97 (D. Nev. 1985) . . . . . . . . . . 97

Village on Canon v. Bankers Trust Co.,
920 F. Supp. 520 (S.D.N.Y. 1996) . . . . . . . . . . 92

Virgin Atlantic Airways Ltd. v. British Airways PLC,
69 F. Supp. 2d 571 (S.D.N.Y.1999), aff'd, 257 F.3d 256 (2d Cir. 2001) . . . . . . . . . . 27

Webb's Fabulous Pharmacies, Inc. v. Beckwith,
449 U.S. 155 (1980) . . . . . . . . . . 89

Weisgram v. Marley Co.,
528 U.S. 440 (2000) . . . . . . . . . . 27

Wells Fargo Bank, N.A. v. United States,
88 F.3d 1012 (Fed. Cir. 1996), cert. denied, 520 U.S. 1116 (1997) . . . . . . . . . . 6

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

White v. Delta Construction International, Inc.,
285 F.3d 1040 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 94

Willems Industrial, Inc. v. United States,
155 Ct. C 295 F.2d 822 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 65

Wood Products, Inc. v. CMI Corp., ,
651 F. Supp. 641 (D. Md. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

Wyatt v. United States,
271 F.3d 1090 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 81

Yankee Atomic Electric Co. v. United States,
42 Fed. Cl. 223 (1998), aff'd sub nom. Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

STATE CASES

Coughlin v. Blair,
41 Cal. 2d 587, 262 P.2d 305 (1953) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72, 73

Kaiser v. Northwest Shopping Ctr., Inc.,
587 S.W.2d 454 (Tex. Civ. Ct. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

DOCKETED CASES

Florida Power & Light Co. v. United States,
No. 98-483C, slip op. (Fed. Cl. Oct. 14, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Southern Nuclear Operating Co. v. United States,
No. 98-614C, slip op. (Fed. Cl. Apr. 7, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

Standard Federal Bank v. United States,
No. 95-478C, slip op. (Fed. Cl. Oct. 12, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

TABLE OF AUTHORITIES (cont'd)

STATUTES AND REGULATIONS PAGE(S)

42 U.S.C. § 10101(12) . . . . . 78

42 U.S.C. § 2021c(b) . . . . . 75, 89

10 C.F.R. § 961.11, Art. IV.B.5(b) . . . . . Passim

48 Fed. Reg. 16,590, 16,590 (Apr. 18, 1983) . . . . . 8, 12

53 Fed. Reg. 17,709, 17,710 (May 18, 1988) . . . . . 77

54 Fed. Reg. 22,578, 22,580 (May 25, 1989) . . . . . 76, 77

66 Fed. Reg. 51,823 (Oct. 11, 2001) . . . . . 77

Nuclear Waste Policy Act, 42 U.S.C. § 10101-10270 . . . . . 4

42 U.S.C. § 10133, 10161-69 . . . . . 13

42 U.S.C. § 10221(b)(3) . . . . . 13

42 U.S.C. § 10222(a)(1) . . . . . 87

42 U.S.C. §§ 2021b-2021i . . . . . 75

28 U.S.C. § 1491(a)(1) . . . . . 80

MISCELLANEOUS

11 A. Corbin, Corbin on Contracts § 1079, at 394 (interim ed. 1979) . . . . . 19, 20

11 W. Jaeger, Williston on Contracts § 1407, at 592 (3d ed. 1968) . . . . . 19, 21

3 D. Dobbs, Dobbs Law of Remedies § 12.4(1), at 62 (2d ed. 1993) . . . . . 81

4 A. Corbin, Corbin on Contracts § 972, at 901 (1951) . . . . . 68

9 A. Corbin, Corbin on Contracts § 956, at 747 (interim ed. 1979) . . . . . 72

TABLE OF AUTHORITIES (cont'd)

PAGE(S)

Black's Law Dictionary 1275 (6th ed. 1990) . . . . . 97

E. Farnsworth, Farnsworth on Contracts § 12.8, at 841 (1982) . . . . . 52

Restatement of Contracts § 344 cmt. a (1932) . . . . . 20, 21

Restatement (Second) of Contracts § 205 . . . . . 92

Restatement (Second) of Contracts § 236 cmt. b (1981) . . . . . 68

Restatement (Second) of Contracts § 253 cmt. b . . . . . 68

Restatement (Second) of Contracts § 347(c) . . . . . 25

Restatement (Second) of Contracts § 351(3) (1981) . . . . . 85

Restatement (Second) of Contracts § 352 cmt. a . . . . . 6

Restatement (Second) of Judgments § 26 cmt. g, at 241 (1982) . . . . . 72