TABLE OF CONTENTS

PAGE(S)

SUMMARY OF ARGUMENT . . . . . . . . . . 1

DISCUSSION . . . . . . . . . . 3

I. AS WE ESTABLISHED IN OUR INITIAL POST-TRIAL BRIEF, THE YANKEES BEAR THE BURDEN OF PROVING EVERY ELEMENT OF THEIR DAMAGES CLAIMS, INCLUDING LIABILITY, CAUSATION, AND RESULTANT DAMAGE . . . . . . . . . . 3

II. THE YANKEES HAVE FAILED TO ESTABLISH CAUSATION FOR ANY OF THEIR ALLEGED DAMAGES . . . . . . . . . . 4

A. The Yankees Have Misstated The Test For Determining Causation . . . . . 4

B. Regardless Of The Test Applied, The Yankees' Assertion That The Court Should, In Essence, Assume Causation Is Faulty . . . . . . . . . . 6

1. The Yankees' Argument That, Because A Breach Of Contract Exists, The Court Should Simply Assume Causation Is Unfounded . . . . . . . . . . 6

2. The Yankees' Assertion That They Can Establish Causation Without Reference To The Date By Which DOE Was Contractually Obligated To Remove Their SNF Is Unfounded . . . 8

3. The Yankees' Causation Argument Renders The Standard Contract's Priority Provision Meaningless . . . . . . . . . . 14

4. The Yankees' Request That The Court Assume A "Reasonable" Acceptance Schedule, Without Reference To The Deference That The Contract Provides DOE In Creating That Schedule, Is Mistaken . . . . . . . . . . 15

C. Any Delay In The Yankees' Fuel-Out Dates Beyond Those About Which Mr. Graves Opined Defeats Causation . . . . . . . . . . 16

1. Any Delay In The Fuel-Out Dates Defeats Causation For The Yankees' ISFSI Construction . . . . . . . . . . 16

TABLE OF CONTENTS

PAGE(S)


2. Any Delay In The Fuel-Out Dates Defeats Causation For Operating And Maintenance Costs . . . . . . . . . . . . . . . . . . . . . . . 19

D. The Yankees' Efforts To Establish Causation For "Mitigation" Activities By Reference To Actions In The 1980s And Early 1990s, Years Before The Actual Breach Of Contract, Ignores The Nature Of The Breach That The Yankees Are Claiming . . . . . . . . . . . . . . . . . . . 20

1. The Court Has Not Concluded That The Yankees Satisfied Their Burden of Proving Causation For Pre-Breach Or Post-Breach Mitigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

2. In Evaluating Pre-Breach Mitigation Claims, The Court Must Recognize That, Prior To An Actual Breach, The Yankees Had No Obligation To Mitigate Their Damages . . . . . . . . . . . . . 22

3. The Yankees' Arguments That Their ISFSI Construction Costs Are Related To An Effort To Mitigate Are Unfounded . . . 23

III. THE DAMAGES THAT THE YANKEES SEEK WERE NOT FORESEEABLE AT THE TIME OF CONTRACTING . . . . . . . . . . . . . . . . . . 26

A. The Court Must Resolve Foreseeability By Reference To The Actual Terms Of The Standard Contract Itself . . . . . . . . . . . . . . . . . . . . 26

B. There Is No Contract Requirement Eliminating Additional At-Reactor Storage Costs After January 31, 1998 . . . . . . . . . . . . . . . . . . 28

C. The Magnitude Of The Yankees' Claims Evidences The Lack Of Foreseeability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

IV. THE YANKEES HAVE FAILED TO ESTABLISH THEIR ALLEGED DAMAGES WITH REASONABLE CERTAINTY . . . . . . . . . . . . . . . . . . . . . . 32

TABLE OF CONTENTS

PAGE(S)

V. THE YANKEES HAVE FAILED TO ACCOUNT IN THEIR DAMAGES ANALYSIS FOR THE COSTS THAT THEY WOULD OTHERWISE HAVE TO INCUR FOR STORAGE OF THEIR GTCC WASTE, PRECLUDING THEIR DAMAGES REQUESTS . . . . . . . . . . . . . . . . . . . . . . 36

A. The Yankees Have Not Presented Any Basis Upon Which The Court Could Find That The Nuclear Regulatory Commission Has Issued A Rule Which Converts GTCC Waste Into High-Level Radioactive Waste . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

B. The Yankees' Assertion That, Even If The Standard Contract Does Not Cover GTCC Waste, The Court Should Simply Assume Damage Is Speculative, Unsupported By The Record, And Unfounded . . . . . . . . 44

VI. THE YANKEES' DEFENSE OF THE GRAVES MODEL FAILS TO SUPPORT THE CONTRADICTED AND FUNDAMENTALLY FLAWED ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

VII. THE YANKEES HAVE NOT IDENTIFIED ANY BASIS UPON WHICH THEY CAN PROCEED WITH THEIR TAKINGS CLAIMS . . . . . . . 49

VIII. THE COURT SHOULD DENY THE YANKEES' REQUESTS FOR FUTURE DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

# TABLE OF AUTHORITIES

CASES PAGE(S)

Boyajian v. United States,
191 Ct. Cl. 233, 423 F.2d 1231 (1970) . . . . . . . . . . 8

Abbott Laboratoriess v. Brennan,
952 F.2d 1346 (Fed. Cir. 1992) . . . . . . . . . . 5

Affiliated Foods, Inc. v. Puerto Rico Marine Mgmt.,
645 F. Supp. 838 (D.P.R. 1986) . . . . . . . . . . 23

Alaska Pulp Corp. v. United States,
59 Fed. Cl. 400 (2004) . . . . . . . . . . 3, 33

Bank United of Texas FSB v. United States,
50 Fed. Cl. 645 (2001), rev'd on other grounds, 2003 WL 22177282 (Fed. Cir. Sept. 22, 2003) . . . . . . . . . . 27, 30

Berry v. City of Detroit,
25 F.3d 1342 (6th Cir. 1994) . . . . . . . . . . 37

Bluebonnet Savings Bank v. United States,
266 F.3d 1348 (Fed. Cir. 2001) . . . . . . . . . . 4

Coats v. Penrod Drilling Corp.,
61 F.3d 1113 (5th Cir. 1995) . . . . . . . . . . 5

Columbia First Bank v. United States,
60 Fed. Cl. 97 (2004) . . . . . . . . . . 6

Commonwealth Edison Co. v. United States Department of Energy,
877 F.2d 1042 (D.C. Cir. 1989) . . . . . . . . . . 43

Department of Revenue of Oregon v. ACF Industries, Inc.,
510 U.S. 332 (1994) . . . . . . . . . . 39

Fortec Constructors v. United States,
760 F.2d 1288 (Fed. Cir. 1985) . . . . . . . . . . 14

Glendale Federal Bank v. United States,
239 F.3d 1374 (Fed. Cir. 2001) . . . . . . . . . . 4

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Grynberg v. Federal Energy Regulatory Commission,
71 F.3d 413 (D.C. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Hi-Shear Tech. Corp. v. United States,
356 F.3d 1372 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Honeywell, Inc. v. United States,
228 Ct. Cl. 591, 661 F.2d 182 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

Indiana Michigan Power Co. v. Department of Energy,
88 F.3d 1272 (D.C. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 21

J.D. Hedin Construction Co. v. United States,
197 Ct. Cl.782, 456 F.2d 1315 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Koby v. United States,
54 Fed. Cl. 493 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

LaSalle Talman Bank, F.S.B. v. United States,
45 Fed. Cl. 64 (1999), rev'd on other grounds, 317 F.3d 1363 (Fed. Cir. 2003) . . . 22, 23

Landmark Land Co. v. United States,
256 F.3d 1365 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Menne v. Celotex Corp.,
861 F.2d 1453 (10th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Myerle v. United States,
33 Ct. Cl. 1 (1897) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

National By-Products, Inc. v. United States,
186 Ct. Cl. 546, 405 F.2d 1256 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Northern Helex Co. v, United States,
207 Ct. Cl. 862, 524 F.2d 707 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 27, 30

Northwest Marine Iron Works v. United States,
203 Ct. Cl. 629, 493 F.2d 652 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Pan-Alaska Fisheries, Inc. v. Marine Construction & Design Co., 565 F.2d 1129 (9th Cir. 1977) . . . . . 5

Parks v. Alliedsignal, Inc., 113 F.3d 1327 (3d Cir. 1997) . . . . . 5

Paul E. Lehman, Inc. v. United States, 230 Ct. Cl. 11, 673 F.2d 352 (1982) . . . . . 43

Point Productions A.G. v. Sony Music Entertainment, Inc., 215 F. Supp. 2d 336 (S.D.N.Y. 2002) . . . . . 5

Quiman, S.A. v. United States, 39 Fed. Cl. 171 (1997), aff'd, 178 F.3d 1313 (Fed. Cir. 1999) . . . . . 4, 34

Reliance Cooperative Corp. v. Treat, 195 F.2d 977 (8th Cir. 1952) . . . . . 22

Robinson v. United States, 305 F.3d 1330 (Fed. Cir. 2002) . . . . . 22

Roedler v. Department of Energy, 255 F.3d 1347 (Fed. Cir. 2001) . . . . . 16

Roseburg Lumber Co. v. Madigan, 978 F.2d 660 (Fed. Cir. 1992) . . . . . 4

San Carlos Irrig. & Drainage District v. United States, 877 F.2d 957 (Fed. Cir. 1989) . . . . . 7

Santa Fe Engineers, Inc. v. United States, 801 F.2d 379 (Fed. Cir. 1986) . . . . . 43

Shyface v. Secretary of Health and Human Services, 165 F.3d 1344 (Fed. Cir. 1999) . . . . . 5

Southern Pacific Co. v. Darnell-Taenzer Lumber Co., 245 U.S. 531 (1918) . . . . . 5

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Tennessee Valley Authority v. United States,
60 Fed. Cl. 665 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

United States v. Johnson Controls, Inc.,
713 F.2d 1541 (Fed. Cir.1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Wells Fargo Bank v. United States,
88 F.3d 1012 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 34

Willems Industrial, Inc. v. United States,
155 Ct. Cl. 360, 295 F.2d 822 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATUTES AND REGULATIONS

42 U.S.C. § 2021c(b)(1)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

42 U.S.C. § 10101(12) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

42 U.S.C § 10131 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

42 U.S.C § 10222(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

41 C.F.R. § 8-7.650-21 (1982) (now repealed) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

48 Fed. Reg. 16,590, 16,597 (Apr. 18, 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41, 42

54 Fed. Reg. 22,578 (May 25, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

53 Fed. Reg. 17,709 (May 18, 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

66 Fed. Reg. 51,823 (Oct. 11, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

TABLE OF AUTHORITIES (cont'd)

MISCELLANEOUS PAGE(S)

5 A. Corbin, Corbin on Contracts § 1012 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

3 D. Dobbs, Law of Remedies § 12.4(5) (2d ed. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

11 W. Jaeger, Williston on Contracts § 1407 (3d ed. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

W. Keeton, et al., Prosser and Keaton on the Law of Torts 266-68 (5th ed. 1984) . . . . . . . . . . . . 5

Restatement (Second) of Contracts § 351(1) (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 30

Restatement (Second) of Contracts § 352 cmt. a (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34