IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONNECTICUT YANKEE ATOMIC POWER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-154C |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Pursuant to RCFC 7 and 8 and the Court's order dated December 1, 1998, and in accordance with paragraph (5) of the Court's order dated September 30, 2006, defendant, for its answer to the complaint, admits, denies, and avers as follows:[1]

1. The allegations contained in the first sentence of paragraph 1 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 1 to the extent they are supported by the referenced statute and contract, which are the best evidence of their contents; otherwise denies these allegations. Denies the allegations contained in the third sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Denies.

[1] In responding to the complaint, we have included answers and an affirmative defense which are contrary to the Court's conclusions in its October 30, 1998 and September 30, 2006 decisions in this matter. In doing so, we do not seek to relitigate the Court's findings at this time; rather, we include these respectfully to state our disagreement with those findings and to preserve our rights in the event an appeal of this matter is authorized at some future date.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. Denies the allegations contained in the first and second sentences of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth; admits the remaining allegations in paragraph 5.

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent that they are supported by the referenced legislation, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent that they are supported by the referenced legislation and contract, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent that they are supported by the referenced contract, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are

admitted to the extent supported by the referenced legislation, which is the best evidence of its contents; otherwise, these allegations are denied.

11. Admits the allegations contained in paragraph 11 to the extent that they are supported by the referenced contract, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Admits.

13. Denies the allegation contained in the second sentence of paragraph 13 that the Department of Energy has committed a “failure to perform”; denies, for lack of knowledge or information sufficient to form a belief as to its truth, the allegation contained in the second sentence of paragraph 13 that the “utilities would [] exchange delivery scheduling commitments”; admits the remainder of the allegations contained in paragraph 13 to the extent that they are supported by the referenced contract, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 13.

14. Denies.

15. Admits the allegations contained in the first and fourth sentences of paragraph 15 to the extent that they are supported by the respectively referenced contract and delivery commitment schedule documents, which are the best evidence of their contents; otherwise, denies the allegations contained in the first and fourth sentences of paragraph 15; denies the remainder of the allegations contained in paragraph 15.

16. Admits the allegations contained in the first sentence of paragraph 16 to the extent that they are supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 16; denies

the allegations contained in the second and third sentences of paragraph 16; the allegations contained in the fourth sentence of paragraph 16 constitute a conclusion of law to the which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contract, which is the best evidence of its contents.

17. Denies.

18. Admits the allegations contained in paragraph 18 to the extent that they are supported by the referenced interpretation, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 18.

19. Denies the characterization contained in the fourth sentence of paragraph 19 that the Department of Energy's "position" was "resoundingly rejected"; admits the remainder of the allegations contained in paragraph 19 to the extent that they are supported by the referenced decisions of the United States Court of Appeals for the District of Columbia Circuit, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent that they assert that the Department of Energy notified plaintiff and the nuclear industry at large that it would not commence SNF disposal in 1998; otherwise denies the allegations contained in paragraph 20 and, by way of further answer, avers that the Department of Energy has informed plaintiff and the nuclear industry that it will promptly dispose of SNF upon the opening of the repository required by statute and that the most current estimated date for the commencement of repository operations is 2010.

21. The allegations contained in paragraph 21 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they

may be deemed allegations of fact, they are denied; by way of further answer, defendant avers that, pursuant to its approved delivery commitment schedules, plaintiff would have been required to incur substantially all of its claimed additional costs even had the Department of Energy commenced disposal operations in 1998.

22. Admits the allegations contained in the first sentence of paragraph 22; denies the remainder of the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Denies.

24. Denies.

25. Denies.

26. Denies.

27. The allegations contained in paragraph 27 constitute conclusions of law and plaintiff's characterization of its action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. Admits the allegations contained in paragraph 29 to the extent that they are supported by the referenced contract, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 28.

29. Admits.

30. The allegations contained in paragraph 30 constitute conclusions of law and plaintiff's characterization of its action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute conclusions of law and plaintiff's characterization of its action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. Admits.

34. Admits.

35. The allegations contained in paragraph 35 constitute conclusions of law and plaintiff's characterization of its action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 constitute conclusions of law and plaintiff's characterization of its action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. Denies.

39. The allegations contained in paragraph 39 constitute conclusions of law and plaintiff's characterization of its action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute conclusions of law and plaintiff's characterization of its action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. the implied contract requires reto the extent that they may be deemed allegations of fact, they are denied.

41. The Court's October 30, 1998 decision in this matter dismissed the count of the complaint containing this paragraph; therefore, no response is required. To the extent that it may be deemed that a response is required, these allegations are denied.

42. The Court's October 30, 1998 decision in this matter dismissed the count of the complaint containing this paragraph; therefore, no response is required. To the extent that it may be deemed that a response is required, these allegations are denied.

43. The Court's October 30, 1998 decision in this matter dismissed the count of the complaint containing this paragraph; therefore, no response is required. To the extent that it may be deemed that a response is required, these allegations are denied.

44. Denies that plaintiff is entitled to the relief sought in its prayer for relief or to any relief whatsoever.

45. Denies each and every allegation not specifically admitted or otherwise qualified.

## FIRST AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred for failure to exhaust its administrative remedies as required by its contract with the Department of Energy.

## FIRST COUNTERCLAIM

47. The Court possesses jurisdiction to entertain this counterclaim pursuant to 28 U.S.C. §§ 1503 and 2508.

48. Pursuant to the standard contract at issue in this case, the contract holder is required to pay a one-time fee for SNF discharged prior to April 7, 1983, and for in-core burned fuel as of 12:00 a.m. on April 7, 1983. See 10 C.F.R. § 961.11, Art. VIII.B.2. Plaintiff in this case elected to satisfy its financial obligation pursuant to Article VIII.B.2 of the standard contract "in the form of a single payment anytime prior to the first delivery, as reflected in the DOE approved delivery commitment schedule," which "shall consist of the fee plus interest on the outstanding fee balance." See id., Art. VIII.B.2(b). Plaintiff has never paid the one-time fee required pursuant to Article VIII of the standard contract.

49. Had DOE begun SNF acceptance pursuant to the standard contract in 1998, the contract holder for the standard contract at issue in this case would have been required to pay the one-time fee before DOE would have had any obligation to begin to accept any fuel from the plaintiff in this case pursuant to that standard contract. To the extent that the plaintiff in this case receives an award of damages based upon DOE's failure to begin SNF acceptance in 1998 or at any time thereafter, the plaintiff should be required to provide DOE with the monies that, before DOE would have been obligated to have accepted the contract holder's SNF, the contract holder would have had to pay to DOE.

50. The principal amount of plaintiff's one-time fee is $48,726,402.11, and defendant is entitled to judgment in that amount, plus interest upon that amount, pursuant to Article VIII.B.2(b) of the Standard Contract, running "from April 7, 1983, . . . to be calculated based upon the 13-week Treasury bill rate, as reported on the first such issuance following April 7, 1983, and compounded quarterly thereafter by the 13-week Treasury bill rates as reported on the first such issuance of each succeeding assigned three-month period until payment."

SECOND AFFIRMATIVE DEFENSE, AND
COUNTERCLAIM FOR OFFSET OR RECOUPMENT

51. The Court possesses jurisdiction to entertain the merits of the defense of recoupment or setoff pursuant to 28 U.S.C. §§ 1503 and 2508.

52. Defendant incorporates by reference the allegations contained in paragraphs 47 through 50 above.

53. Plaintiff'‘s claim is barred by the affirmative defense of recoupment or setoff, and defendant is entitled to setoff or recoup the one-time fee that plaintiff owes pursuant to Article VIII.B.2 of the Standard Contract against any judgment awarded in plaintiff's favor.

WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor; order that the complaint be dismissed; order that defendant is entitled to recover the amount of the one-time fee that plaintiff has not yet paid or, in the alternative, that any amount that may be found due plaintiff under the standard contract at issue in this case shall be recouped or setoff by any amount owed to the United States pursuant to Article VIII.B.2 of the standard contract; and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

KEVIN B. CRAWFORD
JOHN C. EKMAN
STEPHEN FINN
HEIDE L. HERRMANN
R. ALAN MILLER
SONIA M. ORFIELD
RUSSELL A. SHULTIS
MARIAN L. SULLIVAN
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

October 5, 2006

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on this 5th day of October 2006, a copy of foregoing "DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.